

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5537
Re: Construction of appropriation for
Gas Utilities Division of the Rail-
road Commission.

This is in response to the request contained in your letter of August 10, 1943, for the opinion of this department construing the language of the departmental appropriation bill (Acts 1943, 48th Leg., R.S., Ch. 400, Vernon's Texas Session Law Service, pps. 885-1029) as it pertains to the license fees received by the Texas Railroad Commission in administering the provisions of Chapter 2 of the Acts of the 46th Legislature, p. 501, (Art. 6053a, V.A.C.S.) regulating liquefied petroleum gas and containers therefor.

Section 2b (2) and 2b (8) of Article 6053a, V.A.C.S., are pertinent:

"(2) For the purpose of defraying the expenses of administering this Act, each person, firm, association, corporation, or manufacturer engaged in the manufacture and/or assembly and sale of any apparatus to be used for the storage and/or dispens-ing of liquefied petroleum gas, or engaged in the business of transporting or dispensing liquefied petroleum gas, and/or sale and/or installation of any apparatus for the storage and/or dispensing of liquefied petroleum gas, shall at the time of is-suance of such license, and annually thereafter on or between September 1st and September 15th of each calendar year pay to the Railroad Commission a special fee of Twenty-five Dollars ($25). If the license here provided for is issued after the month of September of any year, the fee shall be prorated to the remaining portion of the year to August 31st following, but in no case less than one-fourth of the annual fee.

"(8) All fees received by the State from licenses issued under this Act shall be made avail-

able to the Railroad Commission for use in paying the legitimate expenses incurred in administering and enforcing the provisions of this Act, and for no other purpose; provided, however, that any excess funds remaining at the end of each two-year period shall go to the General Fund."

It is patent that before any such sums are available to the Commission the same must be appropriated by an Act of the Legislature. Article 8, Section 6, Texas Constitution; Opinion No. 0-700.

The pertinent provisions of the departmental appropriation bill follows:

| | | | |
|---|---|---|---|
| "242. | Commissioner, part salary | 1,000.00 | 1,000.00 |
| "243. | Commissioner, part salary | 1,000.00 | 1,000.00 |
| "244. | Commissioner, part salary | 1,000.00 | 1,000.00 |
| "245. | Director | 5,000.00 | 5,000.00 |
| "246. | Chief Clerk and Accountant | 1,854.00 | 1,854.00 |
| "247. | Stenographer | 1,350.00 | 1,350.00 |
| "248. | Stenographer | 1,350.00 | 1,350.00 |
| "249. | Stenographer | 1,350.00 | 1,350.00 |
| "250. | Chief Valuation Engineer | 3,600.00 | 3,600.00 |
| "251. | Valuation Engineer | 2,400.00 | 2,400.00 |
| "252. | Chief Valuation Accountant | 3,600.00 | 3,600.00 |
| "253. | Chief Examiner | 3,600.00 | 3,600.00 |
| "254. | Senior Accountant | 2,400.00 | 2,400.00 |
| "255. | Senior Accountant | 2,400.00 | 2,400.00 |
| "256. | Senior Accountant | 2,400.00 | 2,400.00 |
| "257. | Senior Accountant | 2,400.00 | 2,400.00 |
| "258. | Porter | 720.00 | 720.00 |
| | Total Salaries | $ 37,424.00 | 37,424.00 |

| | | | |
|---|---|---|---|
| | "Maintenance and Miscellaneous | | |
| "259. | Contingent Expenses, sheriff's and witness fees, traveling expenses, postage, books, stationery, telephone, telegraph, files and other necessary help and expenses to be incurred in the administration and enforcement of and as contemplated by the provisions of Chapter 16 of the General Laws of Texas, 1925, as amended | 12,000.00 | 12,000.00 |
| | "Total Maintenance and Miscellaneous | 12,000.00 | 12,000.00 |
| | "Grand Total, Gas Utilities Division | $49,424.00 | 49,424.00 |

"* * * * *

"Subject to the limitations set forth in the provisions appearing at the end of this Act, the above listed appropriations for the Gas Utilities Division are hereby appropriated out of and are to be paid only from the proceeds of the tax of one-fourth of one per cent of the gross income of gas utilities, imposed by Article 6060, Revised Civil Statutes, and any amendments thereto. Any surplus remaining out of said receipts at the end of any fiscal year, after paying salaries and other expenses as above specifically appropriated, shall be finally released in the General Fund.

"All fees received by the Railroad Commission from licenses issued under Chapter 2 (House Bill 792) Act of the 46th Legislature, during each of the fiscal years beginning September 1, 1943, and September 1, 1944, or so much thereof as may be necessary, are hereby appropriated to the Railroad Commission for use in administering and enforcing the provisions of said Act, as itemized herein only, includin the payment of salaries, travel, supplies, equipment, maintenance and all other necessary expenses. Provided that this appropriation shall be subject to the limitations set forth in the provisions appearing at the end of this Act. Any unexpended funds remaining in the Liquified Petroleum Gas Fund at the close of each fiscal year shall revert to the General Revenue Fund."

While the Legislature gave it no heading as it did other sections of the appropriations for the Railroad Commission, such as "Main Office Division," "Motor Transportation Division," and "Oil and Gas Division," it is apparent that the foregoing itemization, beginning with item 242 and ending with item 259, is intended as the appropriation for the Gas Utilities Division.

The next succeeding paragraph quoted above specifies that all of the "above listed appropriations for the Gas Utilities Division are hereby appropriated out of and are to be paid only from the proceeds of the tax of one-fourth of one per cent of the gross income of gas utilities, imposed by Article 6060, Revised Civil Statutes, and any amendments thereto." It follows that none of the items there listed can be used for a purpose other than administering the provisions of the Act of the Third Called Session of the 31st Legislature, 1920, p. 18, Chapter 14; as amended by the Act of 1937, 45th Legislature, H.B. 1017; as amended by the Act of 1939, 46th Legislature, page 501. See

Article 6066, V.A.C.S., and Opinions No. 0-700 and 0-3068 of this department.

Your problem is the meaning of the language "as itemized herein only" in the last paragraph of the appropriation bill quoted above.

We note that this paragraph is substantially identical with a paragraph in the last preceding departmental appropriation bill with the exception of the language "as itemized herein only." See Chapter 571, of the Acts of the 47th Legislature, Regular Session, 1941, at page 1274. We also note that the sense of the sentence with the phrase added apparently is "all fees received by the Railroad Commission (under Article 6053a, V.A.C.S.) are hereby appropriated to the Railroad Commission for use in administering and enforcing the provisions of said Act, including the payment of salaries, travel, supplies, equipment, maintenance and all other necessary expenses but only as itemized in this appropriation bill."

No itemization is found. Does this mean that no appropriation of the fund is made? If so, what purpose can the Legislature have had in enacting the rider?

In our opinion, the language of the rider is subject to two constructions. It may mean that only the amounts itemized are appropriated, in which event, of course, there is no appropriation made. Or it may mean that the fees are appropriated in lump sum for administering the act, such expenditures from the appropriation to be limited to the purposes and amounts indicated in such items as the Legislature might provide. In the first case, the words "as itemized herein" are regarded as components of the appropriation itself; in the second, as words of limitation, controlling the expenditure of the lump sum appropriation. Given the second construction, the failure to provide items indicates a legislative purpose not to limit the expenditure of the lump sum appropriation, but to allow its expenditure in the discretion of the Commission for expenses involved in administering the law.

We are persuaded that the second is the correct construction. Thus interpreted, the rider has meaning; given the first construction, it is nugatory and no reason can be assigned why the Legislature should have incorporated it in the bill.

You are therefore advised that the rider appropriates the described fees in lump sum for defraying expenses of administering the Act mentioned therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jas. D. Smullen
Jas. D. Smullen
Assistant

JDS:EP:wc

APPROVED SEP 10, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference